**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TIMOTHY A. TURNER, | : | |
| Plaintiff, | : | Civ. No. 16-4727 (RBK) (KMW) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | |

Plaintiff is a federal prisoner proceeding *pro se* with a civil complaint pursuant to the Federal Tort Claims Act ("FTCA"). At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed against the United States only.

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

    *Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

    The allegations of the complaint will be construed as true for purposes of this Memorandum and Order. Plaintiff names the following as defendants: (1) the United States of America; (2) Marilyn Angud; (3) R. Morales, M.D.; and (4) Ms. Cooke, R.N. The allegations of the complaint relate to the medical care that plaintiff has received (or lack thereof) while incarcerated.

Plaintiff's FTCA claims against Angud, Morales, and Cooke will be dismissed with prejudice for failure to state a claim upon which relief may be granted. "The only proper defendant in a suit pursuant to the FTCA is the United States." *Priovolos v. F.B.I.*, 632 F. App'x 58, 59 (3d Cir. 2015) (citing *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)). Accordingly, these named individuals are not properly named in this FTCA complaint.[1]

With respect to analyzing plaintiff's FTCA claims against the United States, it is worth noting that claims under the FTCA are governed by the substantive tort law of the state where the acts or omissions occurred. *See Sargent v. United States*, 620 F. App'x 69, 71 n.1 (3d Cir. 2015) (citing *Ciccarone v. United States*, 486 F.2d 253, 257 (3d Cir. 1973)). Thus, as an initial matter, plaintiff must show the typical elements of the tort of negligence under New Jersey law: (1) that the defendant owed a duty of care to the plaintiff, (2) that the defendant breached that duty, (3) that the defendant's breach caused the plaintiff's injuries, and (4) that the plaintiff suffered damages. *See generally Natale v. Camden County Correctional Facility*, 318 F.3d 575, 579, n.3 (3d Cir. 2003); *Weinberg v. Dinger*, 524 A.2d 366, 373-74 (N.J. 1987).

At this early stage of the proceeding, this Court will permit plaintiff's FTCA claim to proceed against the United States. The United States shall remain free, however, to assert in response to the complaint, that plaintiff has failed to comply with the jurisdictional requirements of the FTCA and/or that plaintiff has failed to state a claim upon which relief may be granted.

Therefore, IT IS this 28th day of December, 2016,

ORDERED that plaintiff's claims against Marilyn Angud, R. Morales, MD and Ms. Cooke, R.N. are dismissed with prejudice for failure to state an FTCA claim against them upon which relief may be granted; and it is further

---

[1] It is worth noting that plaintiff is pursuing a Section 1983 action against these three defendants in Civ. No. 15-5499.

ORDERED that plaintiff's FTCA claim against the United States shall be permitted to proceed; and it is further

ORDERED that the Clerk shall mail to plaintiff a transmittal letter explaining the procedure for completing a United States Marshal ("Marshal") 285 Form ("USM-285 Form"); and it is further

ORDERED that once the Marshal receives the USM-285 Form from plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by plaintiff, and the Marshal shall serve summons, the complaint and this Order and the accompanying Opinion on the address specified on each USM-285 Form and in accordance with service on the United States pursuant to Federal Rule of Civil Procedure 4(i), with all costs of service advanced by the United States; and it is further

ORDERED that defendant the United States shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(e)(1) and 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that if at any time prior to the filing of a notice of appearance by defendant, plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Federal Rule of Civil Procedure 5(a) and (d), plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[2]; and it is further

---

[2] After an attorney files a notice of appearance on behalf of a defendant, the attorney will automatically be electronically served all documents that are filed in the case.

ORDERED that the Clerk shall serve this Order and the accompanying Opinion on plaintiff by regular U.S. mail.

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge